UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MOSEVELT JACKSON, JR., | § | |
| LINDA FAYE JACKSON | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. A09CA878SS |
| | § | |
| MARK WHIDDEN, ART SENTENO, | § | |
| TONY KRUEGER, BRAD KULOW | § | |
| | § | |
|     Defendants. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

You have hard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that contained in these instructions. It would also be a violation of your sworn duty as judges of the facts, to base a verdict upon anything other than the evidence in this case.

After I instruct you on the law, the parties will have an opportunity to make their closing arguments. Statements and arguments are not evidence and are not instructions on the law. They are intended only to assist you in understanding the evidence and the parties' contentions. If your memory of a witness's testimony should differ from what a lawyer argues in the closing statements, it is your memory which controls, not the lawyer's argument.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  You will not decide any issue by lot, drawing straws, or by use of any other method of chance.  Your answers and your verdict must be unanimous.

You must answer all questions from the preponderance of the evidence.  By this, it is meant the greater weight and degree of credible evidence before.  In other words, a preponderance of the evidence just means such evidence, when considered and compared with the evidence opposed to it, that persuades you that what is sought to be proved is more likely so than not so.  In determining whether any fact has been proven by a preponderance of the evidence in the case , you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was any evidence tending to prove that the witness testified falsely concerning some important fact or whether there was evidence that at some other time the witness said or did something, or failed to say and do something, that was different from the testimony the witness gave before you during the trial.

You should keep mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In weighing the testimony of a witness you should consider:  his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  In short, you may accept or reject the testimony of any witness in whole or in part.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—an expert witness—is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

You should consider the expert testimony received in evidence in this case and give it such weight as you may think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.  Furthermore, expert opinion is relevant only to your determination of the facts.  Experts are not allowed to explain the law.  You must heed my instructions on what law you must apply.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

During the course of the trial it was often the duty of counsel to make objections for me to rule on them in accordance with the law. You should not consider or be influenced by the fact that such objections have been made, whether they were sustained or overruled. However, questions by counsel are not evidence, so to the extent that any question was not answered because an objection was sustained, you may not speculate on what the answer would have been, or consider the question in any way as evidence.

You are reminded once again that you are obligated under your oath as jurors to render a fair and just verdict in this lawsuit. The jury deliberations in a court of law are very serious. Do not let bias, prejudice, or sympathy play any part in your deliberations. Police officers and all other persons are equal before the law and must be treated as equals in a court of justice. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

Any notes that you have taken during the trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The

notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When words are used in this Charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

The Court now turns to specific instructions on the law applicable to this case.

**Section 1983**

In this case, Plaintiffs Mosevelt Jackson, Jr., and Linda Jackson, claim damages were sustained by them as a result of deprivation, under color of state law, of rights secured to them by the Constitution of the United States of America.  Specifically, Plaintiff Mosevelt Jackson, Jr., alleges that Defendants violated his Fourth Amendment right to be free from the use of excessive force; Plaintiff Linda Jackson alleges that Defendants violated her Fourth Amendment right to be free from unreasonable seizure.  The Defendants deny that any of their actions during the time in question violated the Plaintiffs' Constitutional rights.  Defendants claim they were acting in good faith and probable cause and are not guilty of any fault or wrongdoing in regard to the incidents sued upon.

You are instructed that Plaintiffs' right to sue for an award of money damages against the Defendants is secured by 42 U.S.C. § 1983, one of the Civil Rights Acts enacted by Congress to enforce the Fourteenth Amendment.  That section provides in pertinent part:

> Every person who, under color of any statute, ordinance regulation,
> custom, or usage, of any State, . . . subjects or causes to be
> subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges,

5

>or immunities secured by the Constitution and laws shall be liable
>to the party injured in an action in law, suit in equity, or other
>proper proceeding for redress.

Accordingly, Plaintiffs must prove, with respect to the alleged violation of their Constitutional right, that:  (1) the Defendants intentionally committed acts that violated the Plaintiffs' Constitutional rights; (2) that, in so doing, the Defendants acted "under color" of the authority of the State of Texas; and (3) that the Defendants' acts were the legal cause of the Plaintiffs' damages.

You are instructed that at all relevant times Defendants acted in their official capacity as agents for the State of Texas, and, accordingly, under color of state law.

### Mosevelt Jackson

Plaintiff Mosevelt Jackson, Jr., claims that Defendants used excessive force against him for no reason.  Defendants allege they were required to use the force employed against the Plaintiff because Plaintiff failed to obey their commands.  In order to prove that Defendants used excessive force in violation of the Constitution, Plaintiff must prove by a preponderance of the evidence, that:  (1) he suffered an injury; (2) that resulted directly and only from Defendants' use of force that was clearly excessive to the need; and (3) that was objectively unreasonable.

A law enforcement officer is entitled to employ such force as is reasonably necessary to effectuate an arrest or stop an individual the officer reasonably believes presents an immediate risk of death or serious bodily injury to the officer or another.  You must determine whether the force used to stop Plaintiff Mosevelt Jackson, Jr., from advancing toward Defendants Whidden, Senteno, Krueger, and Kulow, if you find that Plaintiff did advance to towards the Defendants, was unnecessary, unreasonable or excessively violent.

In making this determination, you are instructed that whether a particular use of force is excessive to the need is to be judged from the totality of the circumstances, including whether the person poses an immediate threat to the safety of the officers or others.

Plaintiff Mosevelt Jackson, Jr., also must prove by a preponderance of the evidence that Defendants Whidden, Senteno, Krueger, and Kulow's actions were the cause-in-fact and the proximate cause of the injury that Plaintiff suffered. That is, Defendants' actions must have played a substantial part in bringing about or actually causing Plaintiff's injury, and the injury must have been a reasonably foreseeable consequence of Defendants' actions.

If you find that Plaintiff Mosevelt Jackson, Jr., has proven that a reasonable police officer could not have believed Plaintiff posed an immediate threat of death or serious bodily harm to any of the officers or to the public at large at the time he was arrested, you must find for Plaintiff. On the other hand, if you find that a reasonable officer at the scene could have believed Plaintiff presented an immediate threat of serious bodily harm, whether to Defendants Whidden, Senteno, Krueger, and Kulow, another officer, or the public, at the time he injured Plaintiff, you must find for the Defendants.

Based on the facts as you decide them, you must determine whether Defendants Whidden, Senteno, Krueger, and Kulow used excessive force against Plaintiff Mosevelt Jackson, Jr.

**Interrogatory No. 1:**

Do you find by a preponderance of the evidence that Defendants Whidden, Senteno, Krueger, and Kulow's use of force against Mosevelt Jackson was objectively unreasonable? Answer "Yes," or "No."

Answer: _____

If you find that Plaintiff has proven his Constitutional claim, then you must consider whether Defendants are protected from qualified immunity.  Qualified immunity shields a public employee from liability for damages unless his conduct violates clearly established statutory or Constitutional rights of which a reasonable person would have known.

In this case, Defendants claim they are entitled qualified immunity because their actions were objectively reasonable.  To overcome the defense of qualified immunity, Plaintiff must show that the Defendants' conduct was unreasonable in light of clearly established law at the time of the event and in light of the facts known to the Defendants at the time.  You are instructed that, at the time of this incident, the law on excessive force was clearly established.

**Interrogatory No. 2:**

Do you find by a preponderance of the evidence that, under the circumstances of this case, no reasonable officer could have believed the actions of Defendants against Mosevelt Jackson, Jr., to be in accordance with clearly established law?  Answer "Yes," or "No."

Answer: _____

**Linda Jackson**

Plaintiff Linda Jackson claims unreasonable seizure against Defendants Whidden and Kulow.  Based on the facts as you decide them, you must determine whether Defendants Whidden and Kulow unreasonably seized Plaintiff Linda Jackson.

As previously explained, the Plaintiff has the burden to prove that the acts of the Defendants deprived the Plaintiff of particular rights under the United States Constitution.  In this case, Plaintiff Linda Jackson alleges the Defendants deprived her of her rights under the Fourth Amended to the Constitution when they unreasonably seized her for failure to identify.  Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person.  In order to prove the Defendants deprived the Plaintiff of this Fourth Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

That (1) Defendants Kulow and Whidden seized the Plaintiff's person; (2) in seizing the Plaintiff's person, Defendants Kulow and Whidden acted intentionally; and (3) the seizure was unreasonable.

A Defendant "seizes" the Plaintiff's person when he restrains the Plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about her business.

In determining whether a reasonable person in the Plaintiff's position would have felt free to leave, consider all of the circumstances, including the number of officers present, whether weapons were displayed, whether the encounter occurred in a public or non-public setting,

whether the officer's manner would imply that compliance would be compelled, and whether the officers advised the Plaintiff that she was free to leave.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the Plaintiff must prove the Defendant meant to engage in the acts that caused a seizure of the Plaintiff's person. Although the Plaintiff does not need to prove the Defendant intended to violate the Plaintiff's Fourth Amendment rights, it is not enough if the Plaintiff only proves the Defendant acted negligently, accidentally or inadvertently in conducting the seizure.

**Interrogatory No. 3:**

Do you find from a preponderance of the evidence that Defendants Kulow and Whidden unreasonably seized Linda Jackson's person? Answer "Yes," or "No."

Answer: _____

If you find that Plaintiff Linda Jackson has proven her Constitutional claim, then you must consider whether Defendants are protected from qualified immunity. Qualified immunity shields a public employee from liability for damages unless his conduct violates clearly established statutory or Constitutional rights of which a reasonable person would have known.

In this case, Defendants claim they are entitled qualified immunity because their actions were objectively reasonable. To overcome the defense of qualified immunity, Plaintiff must show that the Defendants' conduct was unreasonable in light of clearly established law at the time of the event and in light of the facts known to the Defendants at the time. You are instructed that, at the time of this incident, the law on seizure of person was clearly established.

**Interrogatory No. 4:**

Do you find by a preponderance of the evidence that, under the circumstances of this case, no reasonable officer could have believed the actions of Defendants against Linda Jackson to be in accordance with clearly established law?  Answer "Yes," or "No."


Answer: _____



## Damages

If you answered "No," to Interrogatory 1 and 3, then skip this section and sign your names at the end of this form.  However, if Plaintiffs Mosevelt Jackson, Jr., and/or Linda Jackson have proven either of their claims by a preponderance of the evidence, you must determine the damages to which Plaintiffs Mosevelt Jackson, Jr., and/or Linda Jackson are entitled.

If you have answered "Yes," to Interrogatory Nos. 1 and/or 3, then you may consider what amount is fair compensation for all of Mosevelt Jackson, Jr.'s or Linda Jackson's damages relative to that/those claim(s).  the purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage he/she has suffered.

You may award compensatory damages only for injuries that the Plaintiff has proven were proximately caused by Defendants' allegedly wrongful conduct.  "Proximate cause" means that cause which, in a natural and continuous sequence, produces an injury and without which cause such injury would not have occurred.  The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less.  You should not award

11

compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find that appropriate from the facts and circumstances in evidence.  If Plaintiffs have proven one or both of the claims alleged against the Defendants, you should consider the following elements of damage to the extent you find them proven by a preponderance of the evidence:  (1) physical pain and suffering; (2) mental anguish; (3) disfigurement and physical impairment; (4) medical expenses; and (5) lost earnings.

No evidence of the value of intangible things such as mental and physical pain and suffering has been or needs to be introduced.  You are not trying to determine value but an amount that will fairly compensate the Plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

**Interrogatory No. 5:**

What amount of money, if any, do you find, from a preponderance of the evidence, would fairly compensate Plaintiff Mosevelt Jackson, Jr., for damages proximately caused by Defendants' conduct.

Answer in dollars and cents, if any, separately for each of the elements listed below, and one other:

| | |
|---|---|
| Physical Pain and Suffering | $_____ |
| Physical Impairment and Disfigurement | $_____ |
| Medical Expenses | $_____ |
| Mental Anguish | $_____ |

**Interrogatory No. 6:**

What amount of money, if any, do you find, from a preponderance of the evidence, would fairly compensate Plaintiff Linda Jackson for damages proximately caused by Defendants' conduct.

Answer in dollars and cents, if any, separately for each of the elements listed below, and one other:

| | |
|---|---|
| Physical Pain and Suffering | $_____ |
| Physical Impairment and Disfigurement | $_____ |
| Medical Expenses | $_____ |
| Mental Anguish | $_____ |
| Lost Earnings | $_____ |

You may also award punitive damages, if the Plaintiff has provided that Defendants acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others . One acts willfully or with reckless indifference to the rights of others when he acts in

disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that Defendants' conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a defendant for shocking conduct and to deter him and others from engaging in similar conduct in the future.

The law does not require you to award punitive damages; however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice or sympathy toward any party. It should be presumed a plaintiff has been made whole by compensatory damages so punitive damages should be awarded only if Defendants' conduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider Defendants' financial resources in fixing the amount of punitive damages.

**Interrogatory No. 7:**

What amount of money, if any, do you find necessary to punish Defendants for shocking conduct and to deter them and others from engaging in similar conduct in the future?

      Answer:      Mosevelt Jackson, Jr.:      $_____

      Answer:      Linda Jackson      $_____

Upon retiring to the jury room you should first elect one of your number to act as your foreperson who will preside over your deliberations and will be spokesperson herein court. A form of verdict has been incorporated in these instructions for your convenience.

You will take these instructions and questions to the jury room for deliberation. You also may review the exhibits that I admitted into evidence. When you reach unanimous agreement as to each, you will have foreperson fill in the appropriate answer in ink. At the end of your deliberations your foreperson will date and sign the form, and you will return with your verdict to the courtroom.

It is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, or to change your opinion if you become convinced that it is erroneous. However, do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times you are partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If, during your deliberations you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. I

caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

  SIGNED at Austin, Texas, this \_\_\_\_\_ day of February, 2011.

              _____
              SAM SPARKS
              U. S. DISTRICT COURT JUDGE

So say we all:

_____  _____

Foreperson

_____  _____

_____  _____

_____  _____